IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| UNITED STATES OF AMERICA, | CRIMINAL NO. 3:05cr00017 |
|---|---|
| v. | OPINION AND ORDER |
| DEREK F. GAVEGNANO, *Defendant* | JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's two January 25, 2007 Motions for Acquittal and February 9, 2007 Motion to Set Aside Verdict. A hearing was held on all these motions on March 6, 2007. For the reasons set forth below, all of these motions are DENIED.

Defendant moves for acquittal on three grounds: First, that the chain of custody of Defendant's computer was inadequately established, requiring the rejection of evidence found on it, second, that the Court erred in failing to instruct they jury that they need not accept the judicial notice taken of a key jurisdictional fact, and third, that the jury reached an impermissible compromise verdict. He moves to set aside the verdict based on an allegation of withheld *Brady* evidence.

## I. CHAIN OF CUSTODY.

Defendant objected at trial, and repeats the objection in this motion, that the chain of custody for the computer containing child pornography was not adequately established. He suggest that tampering could have been responsible for the images displayed at trial, although no evidence was offered to that effect. The Court overruled this objection at trial and does so again

now.

Although a chain of custody, with or without the accompanying evidence bag and official seals, is a useful device, it is not mandatory under the law. All that is required is that evidence be proffered which is sufficient to support a finding that the matter in question is what its proponent claims. Fed. R. Evid. 901. Or, as the Fourth Circuit had it, "the 'chain of custody' is not an iron-clad requirement, and the fact of a missing link does not prevent the admission of real evidence..." *United States v. Howard-Arias*, 679 F.2d 363, 366 (4th Cir. 1982).

Here, the government offered evidence of the serial number of both the computer and the hard drive issued to Defendant by his employer. These numbers matched the forensic report and the computer put into evidence. The government also offered the testimony of a network administrator whose actions led to the seizure of Defendant's computer; his description was consistent with the computer placed in evidence and with the presence of pornography on the computer. The defendant was also shown the computer placed into evidence and admitted that it was his. The defendant went on to admit to using an "agent" program to download pornographic images, including images from alt.bin.adolescents, as part of his purported investigation into steganography, and gave dates for those downloads. The forensic report itself showed file download dates consistent with the other testimony indicating that Defendant, and not law enforcement officers, was responsible for downloading the files.[1] Taken as a whole, and in the absence of any evidence of tampering or perjury, this evidence is sufficient to support a finding that the computer offered in evidence was the same one seized from Defendant in Qatar, and the forensic report accurately represented the contents of the computer's hard drive. Thus Rule 901

---

[1] Although it is possible that these dates could have been manipulated by whomever allegedly tampered with the computer, such action requires more sophistication than merely adding a few pictures and thus makes the probability of tampering much smaller.

was satisfied and admission was proper.

## II. JURISDICTION AND JUDICIAL NOTICE

Jurisdiction in this case depended in part on Defendant being accused of committing federal crimes punishable by more than one year in prison. Defendant objects that the Court took judicial notice of the fact that violations of 18 U.S.C. §§ 1462 and 2252 met this requirement but failed to instruct the jury that it was not bound by the Court's finding. While it is true that Federal Rule of Evidence 201(g)'s language is categorical ("The court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed."), the courts have not taken this requirement to be grounds for reversal.

In a case very similar to this one, in which jurisdiction depended on the location of the offense at the United States Penitentiary in Leavenworth, Kansas, the Tenth Circuit found that the lack of a 201(g) instruction did not result in reversible error, because the location of the prison and the power of Federal courts to hear cases arising from it was undoubted. *United States v. Piggie*, 622 F.2d 486, 487-88 (10th Cir 1980). Although the Fourth Circuit has not adopted this reasoning in a published opinion,[2] it is persuasive. The court in that case pointed out that geography was well suited to the taking of judicial notice. This Court finds that the contents of statute books is even more suited to such notice; while most judges can probably read a map, all of them *must* be able to read the U.S. Code.

In addition, objections to jury instructions must be made first at the time of trial. Fed. R. Crim. Proc. 51. The decision to take judicial notice was made, over Defendant's objection, during opening arguments. Proposed jury instructions were thereafter provided to counsel both

---

[2] The Fourth Circuit endorsed it in an unpublished decision. United States v. Tisdale, 1993 U.S. App. LEXIS 23892.

electronically and on paper. Suggestions for changes were solicited and changes were actually made after arguments by the parties. Defendant failed to request a 201(g) instruction at any of the several opportunities to do so. Defendant also failed to proffer any evidence that judicial notice was improper or that the crimes charged were not punishable by one year in prison.

Since it would be impossible for a reasonable juror to conclude that receipt and possession of child pornography or importation of obscenity are *not* punishable by a year in prison, no prejudice can possibly have resulted, and thus any error was harmless. Fed. R. Crim Proc. 52; *See also United States v. Mechanic*, 475 U.S. 66 (1986).

### III. COMPROMISE VERDICT

Defendant infers from the jury's questions and courtroom conduct that they reached a compromise verdict on counts 1-6 rather than unanimous agreement. There is no meaningful evidence that this is the case, and indeed there can be no such evidence, since jury deliberations shielded from scrutiny by Federal Rule of Evidence 606(b). Defendant is correct that the evidence on each count was "virtually identical except for the possible specific age of the individuals in the images." However, the images were of different people and in different poses, which could have led the jury to differing conclusions as to their ages. Furthermore, the testimony of the government's expert, Dr. Mendlesohn, was more equivocal as to some of the images than others. The evidence was thus different enough that the jury was entitled to draw differing conclusions as Defendant's guilt for each count.

Although a compromise verdict is always possible in cases where the jury does not convict on all counts, this Court will not reverse a conviction based on mere speculation.

### IV. *BRADY* EVIDENCE

The investigating agent in this case visited the National Ground Intelligence Center to

seek evidence pertinent to these charges in October 2006, and this visit was disclosed to Defendant. Defendant alleged that agent Duenas had visited NGIC a second time to search for information on steganography at some point during December 2006, and that Defendant was not informed of this visit or its results. At the hearing, the agent testified that he had only visited once. In addition, the director of security for NGIC testified that she had reviewed the visitor's logs and had not found any record of a December visit by agent Duenas. Defendant was unable to rebut this evidence or support the claims made in the motion. For that reason, the motion is DENIED.

## CONCLUSION

Defendant's two motions for acquittal and motion to set aside verdict. are without merit and are DENIED.

The Clerk of the Court is directed to send a certified copy of this Order to Defendant and all counsel of record.

ENTERED: *[signature]*
U.S. District Judge

March 15, 2007
Date